B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Leiner Health Products Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec/Complete EIN or other Tax I.D. No. (if more than<br>one, state all): 95-343-1709 | Last four digits of Soc. Sec/Complete EIN or other Tax I.D. No. (if<br>more than one, state all): |
| Street Address of Debtor (No and Street, City, and State):<br>901 E. 233rd Street<br>Carson. CA 90745<br><br>ZIP CODE: 90745 | Street Address of Joint Debtor (No and Street, City, and State):<br><br><br>ZIP CODE: |
| County of Residence or the Principal Place of Business: Los Angeles | County of Residence or the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE: | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE: |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE: | |

**Type of Debtor**
(Form of Organization)
(Check one box)

- [ ] Individual (Includes Joint Debtors)
  *See Exhibit D. on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other.(If debtor is not one of the above
  entities, check this box and state type of entity
  below.)

_____

**Nature of Business**
(Check one box.)

- [ ] Health Care Business.
- [ ] Single Asset Real Estate as defined in
  11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
  Pharmaceutical Supplement Supplier-

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization
  under Title 26 of the United States Code
  (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which**
**the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for
  Recognition of a Foreign
  Main Proceeding
- [ ] Chapter 15 Petition for
  Recognition of a Foreign
  Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer primarily debts,
  defined in 11 U.S.C. § 101(8) as "incurred by an individual
  primarily for a personal, family or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (Applicable to individuals only)
  Must attach signed application for the court's consideration certifying that the
  debtor is unable to pay fee except in installments. Rule 1006(b). See Official
  Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must
  attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is a not small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed
  to insiders or affiliates) are less than $2,190,000.

_____

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more
  classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to
  unsecured creditors.

THIS SPACE
IS FOR COURT
USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

**Estimated Liabilities**

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

B 1 (Official Form 1) (1/08)                                                                                          **FORM B1, Page 2**

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | **Name of Debtor(s):** <br> **Leiner Health Products Inc.** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location <br> Where Filed:  District of Delaware | Case Number: <br> 02-10617 | Date Filed: <br> February 28, 2002 |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: <br> **See attached Schedule 1** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br> ☐   Exhibit A is attached and made part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X_____ <br>    Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☒   Yes, and Exhibit C is attached and made a part of this petition.

☐   No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and
☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.
☐   Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(1)).

| B 1 Official Form 1 (1/08) | Form B1, Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Leiner Health Products Inc. |

| **Signatures** |
|---|

| **Signature(s) of Debtors(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code.<br>    Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative) |

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X_____  X_____<br>Signature of Attorney for Debtor(s)  Signature of Attorney for Debtor(s)<br><br>Paul M. Basta (PB 4434)  Mark D. Collins (DE 2981)<br>Printed Name of Attorney for Debtor(s)  Printed Name of Attorney for Debtor(s)<br><br>KIRKLAND & ELLIS LLP  RICHARDS LAYTON & FINGER, P.A.<br>Firm Name  Firm Name<br><br>  One Rodney Square<br>Citigroup Center  920 N King Street<br>153 E. 53rd Street  P.O. Box 551<br>Address  Address<br><br>New York, NY 10022-4611  Wilmington, Delaware 19801<br><br>(212) 446-4800  (302) 651-7700<br>Telephone Number  Telephone Number<br><br>March___, 2008  March___, 2008<br>Date  Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition prepared as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>_____<br>_____ |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br>Robert K. Reynolds<br>Printed Name of Authorized Individual<br>President and Chief Executive Officer<br>Title of Authorized Individual<br>March___, 2008<br>Date | _____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| B 1 Official Form 1 (1/08) | Form B1, Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Leiner Health Products Inc. |

| **Signatures** | |
|---|---|

| **Signature(s) of Debtors(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtors(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code.
   Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

**Signature of Attorney**

X _____   X _____
Signature of Attorney for Debtor(s)   Signature of Attorney for Debtor(s)

Paul M. Basta (PB 4434)        Mark D. Collins (DE 2981)
Printed Name of Attorney for Debtor(s)   Printed Name of Attorney for Debtor(s)

KIRKLAND & ELLIS LLP           RICHARDS LAYTON & FINGER, P.A.
Firm Name                      Firm Name
                               One Rodney Square
Citigroup Center               920 N King Street
153 E. 53rd Street             P.O. Box 551
Address                        Address
New York, NY 10022-4611        Wilmington, Delaware 19801

(212) 446-4800                 (302) 651-7700
Telephone Number               Telephone Number
March 10 2008                  March 10 2008
Date                           Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition prepared as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____
_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
Robert K. Reynolds
Printed Name of Authorized Individual
President and Chief Executive Officer
Title of Authorized Individual
March     , 2008
Date

**Schedule 1**

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On March 10, 2008, each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Leiner Health Products Inc.

- LHP Holding Corp.
- Leiner Health Products Inc.
- Leiner Health Products, LLC
- Leiner Health Services Corp.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| Leiner Health Products Inc., | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 08-_____ (___) |
| | ) |

## EXHIBIT C TO VOLUNTARY PETITION OF LEINER HEALTH PRODUCTS INC.

1.     Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- None.

2.     With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm. The Debtor owns or possesses certain property that is subject to investigation or remediation under environmental laws.

## RESOLUTION OF THE BOARD OF DIRECTORS OF
## LEINER HEALTH PRODUCTS INC.

The undersigned, being all of the members of the board of directors (the "Board of Directors") of Leiner Health Products Inc., a Delaware corporation (the "Company"), after a joint special meeting of the boards of directors of the Company, LHP Holding Corp., Leiner Health Products, LLC and Leiner Health Services Corp. (collectively, the "Companies"), hereby take the following actions and adopt the following resolutions by unanimous consent, as of this 9th day of March, 2008, pursuant to the bylaws of the Company (the "Bylaws") and Section 141(f) of the General Corporation Law of the State of Delaware:

> WHEREAS, the Board of Directors reviewed the materials presented by the management and the advisors of the Companies and regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to them and the impact of the foregoing on the Companies' businesses and members; and

> WHEREAS, the Board of Directors has had the opportunity to consult with the management and the advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

NOW THEREFORE, IT IS HEREBY:

I.  **Voluntary Petition Under the Provisions of**
    **Chapter 11 of the United States Bankruptcy Code**

> **RESOLVED,** that in the judgment of the Boards of Directors of the Company, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (a "Chapter 11 Case" and for each of the Companies' voluntary petitions, collectively the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is further

> **RESOLVED,** that the officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents,

and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards Layton & Finger, P.A. as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Richards Layton & Finger, P.A.; and it is further

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and it is further

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ Houlihan Lokey Howard & Zukin Capital, Inc. as investment bankers and financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Houlihan Lokey Howard & Zukin Capital, Inc.; and it is further

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Strom Law Firm, LLC as special counsel to represent and assist the Company

in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Strom Law Firm, LLC; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Covington & Burlington LLP as special counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Covington & Burlington LLP; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal, North America, LLC as business advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal, North America, LLC; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP as independent auditors and accountants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP; and it is further

3

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Garden City Group, Inc., as notice, claims and balloting claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Garden City Group, Inc.; and it is further

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Lippert/Heilshorn & Associates, Inc. as communications advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Lippert/Heilshorn & Associates, Inc.; and it is further

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

## II.    Debtor-in-Possession Financing

**RESOLVED**, that the form, terms and provisions of the Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement (the "DIP Loan Agreement" and together with the security agreement, pledge agreement, account control agreement, mortgage, deed of trust, and each other document, instrument, certificate, guaranty, notice or agreement executed by each of the Companies in connection therewith, including, but not limited to, any fee letter, the "DIP Loan Documents"), among the Companies, UBS Securities LLC ("UBS"), as arranger and sole bookrunner,

UBS AG, Stamford Branch, as administrative agent (the "DIP Agent") and each of the other financial institutions from time to time party to the DIP Loan Agreement (together with DIP Agent, the "DIP Lenders"), which DIP Loan Documents (a) provide the Companies with a term loan commitment and a revolving loan commitment on a secured super-priority priming lien basis, (b) require all of the Company's, Leiner Health Products, LLC's and Leiner Health Services Corp.'s obligations therein to be guaranteed by LHP Holding Corp. and all of the existing and future direct and indirect subsidiaries of the Companies (collectively, the "Guarantors") and (c) provide for the proceeds therefrom to be used for working capital and for other general corporate purposes of the Companies, including postpetition operating expenses of administration of the Companies' Chapter 11 Cases, in substantially the form submitted to the Board of Directors, be, and the same hereby are in all respects approved, and any Authorized Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of Directors of the Company, with such changes, additions and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is further

**RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the Obligations (as defined in the DIP Loan Documents) and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and it is further

**RESOLVED**, that each and every officer, including the Authorized Officers, of the Company be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the

5

DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing Resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems in necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and it is further

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents; (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents; and it is further

RESOLVED, that the Authorized Officers and each other officer of the Company be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company, such other filings in respect of intellectual and other property of the Company with the United States Patent and Trademark Office and the United States Copyright Office, among others, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Loan Documents; and it is further

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents and the transactions contemplated

6

therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable; and it is further

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents be, and hereby are, in all respects confirmed, approved and ratified; and it is further

III.    <u>Sale of All or Substantially All Assets</u>

**RESOLVED**, that, absent a consensual deal among the prepetition secured lenders, the DIP Lenders and holders of the Companies' senior subordinated notes and/or the Companies' equity sponsors to recapitalize the Companies' capital structure and sponsor a chapter 11 plan of reorganization, the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and directed to take any and all actions to (i) obtain the Bankruptcy Court's approval of bidding procedures in connection with the sale of substantially all of the Company's assets, (ii) schedule an auction in connection with such sale, (iii) enter into an asset purchase agreement with respect to such sale and (iv) obtain Bankruptcy Court approval of any such sale; and it is further

IV.    <u>Appointment of Chief Restructuring Officer</u>

**RESOLVED**, that Shawn Hassel be, and hereby is, appointed as the Chief Restructuring Officer of Leiner Health Products Inc.; and it is further

V.    <u>Further Actions and Prior Actions</u>

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver

7

any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and it is finally

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

*    *    *    *    *

**IN WITNESS WHEREOF,** the undersigned has executed these Resolutions of the Board of Directors of Leiner Health Products Inc. as of the date first set forth above.

By:    Charles F. Baird, Jr.
Title:  Chairman of the Board


By:    Robert M. Kaminski
Title:  Vice Chairman of the Board

By:    Prescott H. Ashe
Title:  Director


By:    Gale K. Bensussen
Title:  Director

By:    John Gilligan
Title:  Director


By:    Monty Sharma
Title:  Director

By:    Ken Diekroeger
Title:  Director


By:    Robert K. Reynolds
Title:  Director

**IN WITNESS WHEREOF,** the undersigned has executed these Resolutions of the Board of Directors of Leiner Health Products Inc. as of the date first set forth above.

By:    Charles F. Baird, Jr.
Title: Chairman of the Board


By:    Robert M. Kaminski
Title: Vice Chairman of the Board


By:    Prescott H. Ashe
Title: Director


By:    Gale K. Bensussen
Title: Director


By:    John Gilligan
Title: Director


By:    Monty Sharma
Title: Director


By:    Ken Diekroeger
Title: Director


By:    Robert K. Reynolds
Title: Director

**IN WITNESS WHEREOF,** the undersigned has executed these Resolutions of the Board of Directors of Leiner Health Products Inc. as of the date first set forth above.

By:    Charles F. Baird, Jr.
Title:  Chairman of the Board


By:    Robert M. Kaminski
Title:  Vice Chairman of the Board


By:    Prescott H. Ashe
Title:  Director


By:    Gale K. Bensussen
Title:  Director


By:    John Gilligan
Title:  Director


By:    Monty Sharma
Title:  Director


By:    Ken Diekroeger
Title:  Director


By:    Robert K. Reynolds
Title:  Director

**IN WITNESS WHEREOF,** the undersigned has executed these Resolutions of the Board of Directors of Leiner Health Products Inc. as of the date first set forth above.

By:   Charles F. Baird, Jr.
Title:  Chairman of the Board


By:   Robert M. Kaminski
Title:  Vice Chairman of the Board


By:   Prescott H. Ashe
Title:  Director


By:   Gale K. Bensussen
Title:  Director


By:   John Gilligan
Title:  Director


By:   Monty Sharma
Title:  Director


By:   Ken Diekroeger
Title:  Director


By:   Robert K. Reynolds
Title:  Director

**IN WITNESS WHEREOF,** the undersigned has executed these Resolutions of the Board of Directors of Leiner Health Products Inc. as of the date first set forth above.

By:    Charles F. Baird, Jr.
Title: Chairman of the Board

By:    Robert M. Kaminski
Title: Vice Chairman of the Board

By:    Prescott H. Ashe
Title: Director

By:    Gale K. Bensussen
Title: Director

By:    John Gilligan
Title: Director

By:    Monty Sharma
Title: Director

By:    Ken Diekroeger
Title: Director

By:    Robert K. Reynolds
Title: Director

**IN WITNESS WHEREOF,** the undersigned has executed these Resolutions of the Board of Directors of Leiner Health Products Inc. as of the date first set forth above.

By:    Charles F. Baird, Jr.
Title: Chairman of the Board


By:    Robert M. Kaminski
Title: Vice Chairman of the Board


By:    Prescott H. Ashe
Title: Director


By:    Gale K. Bensussen
Title: Director


By:    John Gilligan
Title: Director


By:    Monty Sharma
Title: Director


By:    Ken Diekroeger
Title: Director


By:    Robert K. Reynolds
Title: Director

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEINER HEALTH PRODUCTS INC., et al.,[1] | Case No. 08-_____ (___) |
| Debtors. | Joint Administration Pending |

### CONSOLIDATED LIST OF EQUITY SECURITY HOLDERS

This list serves as the Debtors' disclosure pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are based on information and belief provided in Leiner Health Product Inc's 10-K as filed with the SEC on June 29, 2007.

### PREFERRED STOCK

Preferred Stock includes Series A Preferred Stock, issued and outstanding, Series B Preferred Stock, reserved for delayed delivery and Series C Preferred Stock, issued and outstanding. Leiner Health Products Inc. has an aggregate total of 2,926,965 shares of preferred stock issued and outstanding. The holders of preferred stock are as follows:

| Holder | Aggregate Number of Shares | Percentage |
|---|---|---|
| GGC Investment Fund II, L.P. and Related Entities 1 Embarcadero Center, 33rd Floor San Francisco, California 94111 | 1,380,000[2] | 46.82% |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Leiner Health Products Inc. (1709), LHP Holding Corp. (7947), Leiner Health Products, LLC (6283) and Leiner Health Services Corp. (4464). The address for all Debtors is: 901 E. 233rd Street, Carson, California 90745.

[2] Consists of: (i) 361,976.73 shares of Series A preferred stock and 19,233 shares of Series C preferred stock owned by CCG Investment Fund, L.P; (ii) 18,196.22 shares of Series A preferred stock and 966 shares of Series C preferred stock owned by CCG Associate-QP, LLC; (iii) 1,691.94 shares of Series A preferred stock and 90 shares of Series C preferred stock owned by CCG Associates-AI, LLC; (iv) 4,849.27 shares of Series A preferred stock and 258 shares of Series C preferred stock owned by CCG Investment Fund-AI, L.P.; (v) 36,694.06 shares of Series A preferred stock and 1,948 shares of Series C preferred stock owned by CCG AV, LLC-Series C; (vi) 14,085 shares of Series A preferred stock and 748 shares of Series C preferred stock owned by CCG AV, LLC-Series F; (vii) 657,433.77 shares of Series A preferred stock and 36,058 shares of Series C preferred stock owned by Golden Gate Capital Investment Fund II, L.P.; (viii) 17,411.28 shares of Series A preferred stock and 925 shares of Series C preferred stock owned by Golden Gate Capital Associates II-QP, LLC; (ix) 91,001.64 shares of Series A preferred stock owned by CCG CI, LLC; (x) 92,678.63 shares of Series A preferred stock and 3,776 shares of Series C preferred stock owned by Golden Gate Capital Investment Fund II-A, L.P.; (xi) 16,395 shares of Series A preferred stock and 899 shares of Series C preferred stock owned by Golden Gate Investment Fund II, (AI) L.P.; (xii) 2,311.21 shares of Series A preferred stock and 94 shares of Series C preferred stock owned by Golden Gate Capital Investment Fund II-A, (AI) L.P.; and (xiii) 275.25 shares of Series A preferred stock and 15 shares of Series C preferred stock owned by Golden Gate Capital Associates II-AI, LLC.

| Holder | Aggregate Number of Shares | Percentage |
|---|---|---|
| North Castle Partners III-A, L.P. and Related Entities<br>183 Putnam Avenue<br>Greenwich, Connecticut 06831 | 1,380,000[3] | 46.82% |
| Robert M. Kaminski<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 29,320 | 0.99% |
| Robert K. Reynolds<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 14,358 | 0.49% |
| Gale K. Bensussen<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 27,233 | 0.92% |
| Robert J. La Ferriere<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 3,850 | 0.13% |
| Kevin J. Lanigan<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 42,204 | 1.43% |
| Charles F. Baird<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 50,000 | 1.70% |

## COMMON STOCK

Common stock includes common stock reserved for delayed delivery, exercisable Restricted Stock and exercisable Options granted on common stock. Leiner Health Products Inc. has an aggregate total of 247,189 shares of common stock issued and outstanding. The holders of common stock are as follows:

| Holder | Number of Shares | Percentage |
|---|---|---|
| Robert M. Kaminski<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 88,023 | 26.62% |

---

[3]   Consists of (i) 1,265,000 shares of Series A preferred stock owned by North Castle Partners III-A, L.P.; (ii) 50,000 shares of Series A preferred stock held of record by North Castle GP III-A, L.L.C.; and (iii) 65,000 shares of Series C preferred stock held of record by North Castle GP III-A, L.L.C.

| Holder | Number of Shares | Percentage |
|---|---|---|
| Robert K. Reynolds<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 44,960 | 13.60% |
| Gale K. Bensussen<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 46,800 | 14.15% |
| Robert J. La Ferriere<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 19,276 | 5.83% |
| Kevin J. Lanigan<br>c/o Leiner Health Products Inc.<br>901 East 233rd Street<br>Carson, California 90745 | 48,130 | 14.56% |

LHP Holding Corp. owns 100% of the equity in Leiner Health Products Inc.

Leiner Health Products Inc. owns 100% of the equity in Leiner Health Products, LLC and Leiner Health Services Corp.

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEINER HEALTH PRODUCTS INC., <u>et al.</u>,[1] | ) | Case No. 08-_____ (___) |
| | ) | |
| Debtors. | ) | Joint Administration Pending |
| | ) | |

**DECLARATION CONCERNING THE
DEBTORS' LIST OF EQUITY SECURITY HOLDERS**

    I, Robert K. Reynolds, President and Chief Executive Officer of Leiner Health Products Inc., declare under penalty of perjury that I have reviewed the foregoing List of Equity Security Holders and that the information contained therein is true and correct to the best of my information and belief.

Dated: March 10, 2008

                                                     _____
                                        Name:  Robert K. Reynolds
                                        Title:   President and Chief Executive Officer

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Leiner Health Products Inc. (1709), LHP Holding Corp. (7947), Leiner Health Products, LLC (6283) and Leiner Health Services Corp. (4464). The address for all Debtors is: 901 E. 233rd Street, Carson, California 90745.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEINER HEALTH PRODUCTS INC., et al.,[1] | ) | Case No. 08-_____ (___) |
| | ) | |
| Debtors. | ) | Joint Administration Pending |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately March 10, 2008. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims on a consolidated basis. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Leiner Health Products Inc. (1709), LHP Holding Corp. (7947), Leiner Health Products, LLC (6283) and Leiner Health Services Corp. (4464).  The address for all Debtors is:  901 E. 233rd Street, Carson, California 90745.

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| U.S. Bank National Association as Trustee for 11% Senior Subordinated Notes due 2012<br>60 Livingston Avenue<br>St. Paul, MN 55107 | U.S. Bank National Association as Trustee for 11% Senior Subordinated Notes due 2012<br>60 Livingston Avenue<br>St. Paul, MN 55107<br>(T) 651-495-3913<br>(F) 651-495-8097 | Bond | | $150,000,000 |
| BASF Corporation<br>3000 Continental Dr. North<br>Mailstop #4 008<br>Mount Olive, NJ 07828-1234 | BASF Corporation<br>3000 Continental Dr. North<br>Mailstop #4 008<br>Mount Olive, NJ 07828-1234<br>(T): 800-527-9889<br>(F): 973-245-6714 | Trade | | $5,012,942 |
| Dr. Reddy's Laboratories<br>200 Somerset Corporate Blvd.<br>7th Floor<br>Bridgewater, NJ 08807 | Dr. Reddy's Laboratories<br>200 Somerset Corporate Blvd.<br>7th Floor<br>Bridgewater, NJ 08807<br>(T): 908-203-4900<br>(F): 908-203-4970 | Trade | | $4,665,107 |
| Vita Tech International Inc.<br>2832 Dow Avenue<br>Tustin, CA 92780-7212 | Vita Tech International Inc.<br>2832 Dow Avenue<br>Tustin, CA 92780-7212<br>(T): 714-832-9700<br>(F): 714-731-8482 | Trade | | $4,588,244 |
| Wells Fargo National Bank Association as Trustee for Industrial Development Revenue Bonds<br>Corporate Trust Services<br>Sixth & Marquette<br>Minneapolis, MN 55479 | Wells Fargo National Bank Association as Trustee for Industrial Development Revenue Bonds<br>Corporate Trust Services<br>Sixth & Marquette<br>Minneapolis, MN 55479<br>(T) 612-667-6878<br>(F) 612-667-3464 | Bond | | $3,100,000 |
| Naturegen Inc.<br>7340-A Trade Street<br>San Diego, CA 92121 | Naturegen Inc.<br>7340-A Trade Street<br>San Diego, CA 92121<br>(T): 858-578-5580<br>(F): 858-578-5581 | Trade | | $2,841,498 |
| Lachman Consultants<br>1600 Stewart Avenue<br>Westbury, NY 11590 | Lachman Consultants<br>1600 Stewart Avenue<br>Westbury, NY 11590<br>(T): 516-222-6222<br>(F): 516-663-1887 | Trade | | $2,755,365 |
| Robinson Pharma Inc.<br>3330 Harbor Blvd.<br>Santa Ana, CA 92704 | Robinson Pharma Inc.<br>3330 Harbor Blvd.<br>Santa Ana, CA 92704<br>(T): 714-241-0235<br>(F): 714-751-6066 | Trade | | $1,813,026 |
| Setco LLC<br>4875 East Hunter Avenue<br>Anaheim, CA 92807 | Setco LLC<br>4875 East Hunter Avenue<br>Anaheim, CA 92807<br>(T): 714-777-5200<br>(F): 714-777-5339 | Trade | | $1,780,351 |

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| DSM Nutritional Products<br>45 Waterview Blvd<br>Parsippany, NJ 07054-1298 | DSM Nutritional Products<br>45 Waterview Blvd<br>Parsippany, NJ 07054-1298<br>(T): 973-257-8212<br>(F): 973-257-8412 | Trade | | $1,741,052 |
| Swiss Caps USA Inc.<br>14193 SW 119th Avenue<br>Miami, FL 33186 | Swiss Caps USA Inc.<br>14193 SW 119th Avenue<br>Miami, FL 33186<br>(T): 305-234-0102<br>(F): 305-234-0105 | Trade | | $1,667,393 |
| Sinochem Qingdao Co. Ltd.<br>20 Xianggang Zhong Road<br>Qingdao Shandong, China<br>266071 | Sinochem Qingdao Co. Ltd.<br>20 Xiangtant Zhong Road<br>Qingdao Shandong, China 266071<br>(T): 86-532-85-021665<br>(F): 86-532-85-21556 | Trade | | $1,607,003 |
| Colorcon<br>415 Moyer Blvd<br>West Point, PA 19486 | Colorcon<br>415 Moyer Blvd<br>West Point, PA 19486<br>(T): 215-699-7733<br>(F): 215-661-2605 | Trade | | $1,454,303 |
| Latham & Watkins<br>633 W Fifth Street<br>Suite 4000<br>Los Angeles, CA 90071-2007 | Latham & Watkins<br>633 W Fifth Street<br>Suite 4000<br>Los Angeles, CA 90071-2007<br>(T): 213-485-1234<br>(F): 213-891-8763 | Trade | | $1,410,285 |
| Watson Inc.<br>301 Hefferman Drive<br>West Haven, CT 06516 | Watson Inc.<br>301 Hefferman Drive<br>West Haven, CT 06516<br>(T): 203-932-3000<br>(F): 203-932-8266 | Trade | | $1,039,526 |
| A to Z Nutrition<br>10125 NW 116 Way, Suite 6<br>Medley, FL 33178 | A to Z Nutrition<br>10125 NW 116 Way, Suite 6<br>Medley, FL 33178<br>(T): 305-887-2226<br>(F): 305-887-2866 | Trade | | $960,646 |
| Nutra Manufacturing Inc.<br>1050 Woodruff Road<br>Greenville, SC 29607 | Nutra Manufacturing Inc.<br>1050 Woodruff Road<br>Greenville, SC 29607<br>(T): 864-987-3550<br>(F): 864-987-4202 | Trade | | $914,811 |
| Natoli Engineering Co., Inc.<br>28 Research Park Circle<br>St. Charles, MO 63304 | Natoli Engineering Co., Inc.<br>28 Research Park Circle<br>St. Charles, MO 63304<br>(T): 314-926-8900<br>(F): 636-926-8910 | Trade | | $906,776 |
| China Vitamins LLC<br>1430 Route 206, Suite 210<br>Bedminister, NJ 07921<br>Attn: Song Zhu, President | China Vitamins LLC<br>1430 Route 206, Suite 210<br>Bedminister, NJ 07921<br>Attn: Song Zhu, President<br>(T): 908-901-9000<br>(F): 908-901-9333 | Trade | | $782,910 |

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Jrs. Pharma LP<br>2981 Route 22, Suite 1<br>Patterson, NY 12563-2359 | Jrs. Pharma LP<br>2981 Route 22, Suite 1<br>Patterson, NY 12563-2359<br>(T): 800-431-2457<br>(F): 845-878-8373 | Trade | | $753,878 |
| Richards Packaging, Inc.<br>7100 Riverroad, Suite 4<br>Richmond, BC V6X1X5 | Richards Packaging, Inc.<br>7100 Riverroad, Suite 4<br>Richmond, BC V6X1X5<br>(T): 604-270-0111<br>(F): 604-270-8937 | Trade | | $726,997 |
| United Pharma<br>2317 Moore Avenue<br>Fullerton, CA 92833 | United Pharma<br>2317 Moore Avenue<br>Fullerton, CA 92833<br>(T): 714-738-8999<br>(F): 714-738-8988 | Trade | | $668,501 |
| Ocean Blue, Inc.<br>494 E Commercial Road<br>San Bernardino, CA 92408 | Ocean Blue, Inc.<br>494 E Commercial Road<br>San Bernardino, CA 92408<br>(T): 909-478-9910<br>(F): 909-478-9810 | Trade | | $632,117 |
| American Vitamins International<br>7110 Shadow Ridge Court<br>West Hills, CA 91307 | American Vitamins International<br>7110 Shadow Ridge Court<br>West Hills, CA 91307<br>(T): 818-703-8313<br>(F): 818-703-8838 | Trade | | $626,328 |
| TRC Nutritional Laboratories<br>12320 East Skelly Drive<br>Tulsa, OK 74128 | TRC Nutritional Laboratories<br>12320 East Skelly Drive<br>Tulsa, OK 74128<br>(T): 800-421-7310<br>(F): 918-492-9546 | Trade | | $606,417 |
| The Quantic Group Ltd.<br>5N Regent Street, Suite 502<br>Livingston, NJ 07039 | The Quantic Group Ltd.<br>5N Regent Street, Suite 502<br>Livingston, NJ 07039<br>(T): 973-992-0505<br>(F): 973-535-1734 | Trade | | $584,992 |
| Primrose Candy Corporation<br>4111 West Parker Avenue<br>Chicago, IL 60639 | Primrose Candy Corporation<br>4111 West Parker Avenue<br>Chicago, IL 60639<br>(T): 773-276-9522<br>(F): 773-276-7411 | Trade | | $568,763 |
| Aetna Inc.<br>151 Farmington Avenue<br>Hartford, CT 06156 | Aetna Inc.<br>151 Farmington Avenue<br>Hartford, CT 06156<br>(T): 860-273-0123<br>(F): 860-275-2677 | Trade | | $523,586 |
| Volt Temporary Services<br>2401 North Glasswell Street<br>Orange, CA 92865 | Volt Temporary Services<br>2401 North Glasswell Street<br>Orange, CA 92865<br>(T): 714-921-8800<br>(F): 714-921-5410 | Trade | | $520,739 |

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Marlyn Neutraceuticals<br>4404 E. Elwood<br>Phoenix, AZ 85040<br>Attn: Daniel Gulick | Marlyn Neutraceuticals<br>4404 E. Elwood<br>Phoenix, AZ 85040<br>Attn: Daniel Gulick<br>(T): 800-462-7596<br>(F): 480-991-0551 | Trade | | $520,611 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEINER HEALTH PRODUCTS INC., <u>et al.</u>,[1] | ) Case No. 08-_____ (___) |
| | ) |
| Debtors. | ) Joint Administration Pending |
| | ) |

**DECLARATION CONCERNING THE DEBTORS' LIST**
**OF CREDITORS HOLDING THE THIRTY LARGEST UNSECURED CLAIMS**

I, Robert K. Reynolds, President and Chief Executive Officer of Leiner Health Products Inc., declare under penalty of perjury that I have reviewed the foregoing List of Creditors Holding the Thirty Largest Unsecured Claims and that the information contained therein is true and correct to the best of my information and belief.

Dated: March 10, 2008

Name: Robert K. Reynolds
Title: President and Chief Executive Officer

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Leiner Health Products Inc. (1709), LHP Holding Corp. (7947), Leiner Health Products, LLC (6283) and Leiner Health Services Corp. (4464). The address for all Debtors is: 901 E. 233rd Street, Carson, California 90745.