## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEINER HEALTH PRODUCTS INC., et al.,[1] | ) Case No. 08-10446 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Re: Docket No. 82 |

### AMENDED ORDER APPROVING PROCEDURES FOR
### THE SALE, TRANSFER OR ABANDONMENT OF DE MINIMIS ASSETS

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an amended order (this "Amended Order") approving procedures of the sale, transfer or abandonment of de minimis assets; and upon the Declaration of Robert K. Reynolds, President, Chief Executive Officer and Director of Leiner Health Products Inc., in Support of First Day Pleadings; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Leiner Health Products Inc. (1709), LHP Holding Corp. (7947), Leiner Health Products, LLC (6283) and Leiner Health Services Corp. (4464). The address for all Debtors is: 901 E. 233rd Street, Carson, California 90745.

RLF1-3269657-1

ORDERED, that the Motion is granted; and it is further

ORDERED, that pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell or transfer the De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Sale Procedures"):

    a. With regard to sales or transfers of the De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price[2] equal to or less than $250,000:

        i. The Debtors are authorized to consummate such transaction(s) if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interests of the estates;

        ii. Any such transactions shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer;

        iii. The Debtors shall give advanced written notice of such sales to counsel to the Committee and counsel to the Debtors' postpetition secured lenders, and if either submits a written objection to the Debtors within ten days of service of such a notice, the relevant De Minimis Asset shall only be sold upon either the consensual resolution of the objection or further order of the Court after notice and a hearing; and

        iv. The Debtors will provide a written report to the Court, the U.S. Trustee, counsel to the Committee, counsel to the Debtors' postpetition secured lenders and those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), beginning with the period

---

[2] For purposes of these procedures, selling price shall refer to the Debtors' estimate of the net proceeds of any sale transaction.

ending on April 30, 2008, and at three-month intervals thereafter, no later than 30 days after the end of such period, concerning any such sales made during the period pursuant hereto, including the names of the purchasing parties and the types and amounts of the sales (a "Quarterly Report").

b. With regard to the sales or transfers of the De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price greater than $250,000 and up to or equal to $500,000:

  i. The Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interests of the estates, without further order of the Court, subject to the procedures set forth herein;

  ii. Any such transactions shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent and priority as had attached to the assets immediately prior to such sale or transfer;

  iii. The Debtors shall give written notice of such sale or transfer (the "Sale Notice") to (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Debtors' postpetition secured lenders; (d) any known affected creditor(s), including counsel to any creditor asserting a Lien on the relevant De Minimis Asset(s); and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties") at least ten days prior to closing such sale or effectuating such transfer;

  iv. The content of the Sale Notice shall consist of (a) identification of the De Minimis Assets being sold or transferred; (b) identification of the purchaser of the assets; (c) the purchase price and (d) the significant terms of the sale or transfer agreement;

  v. If no written objections are filed with this Court by any of the Notice Parties within ten days of the date of such notice, the Debtors are authorized to immediately consummate such sale or transfer; and

3

    vi. If a written objection is filed with the Court by a Notice Party within such ten day period that cannot be resolved, the relevant De Minimis Asset(s) shall only be sold or transferred upon further order of this Court or resolution of the objection by the parties in question.

and it is further

ORDERED, that sales to "insiders," as that term is defined in Section 101 of the Bankruptcy Code, are not covered by this Amended Order; and it is further

ORDERED, that sales of De Minimis Assets shall not exceed $5 million in the aggregate (the "Aggregate Cap") during the pendency of the Chapter 11 Cases; provided, however, that nothing contained herein shall prohibit the Debtors from seeking authority to increase the Aggregate Cap as necessary; and it is further

ORDERED, that no objection to the relief requested in the Motion combined with no timely objection to the sale or transfer of the De Minimis Assets in accordance with the terms of this Amended Order shall be determined to be "consent" to such sale or transfer within the meaning of 11 U.S.C. § 363(f)(2), and it is further

ORDERED, that the Debtors are authorized pursuant to section 554(a) of the Bankruptcy Code to abandon De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures"):

  c. The Debtors shall give written notice of the abandonment (the "Abandonment Notice") to the Notice Parties;

  d. The Abandonment Notice shall contain a description in reasonable detail of the De Minimis Assets to be abandoned and the Debtors' reasons for such abandonment;

  e. If no Notice Party objects to an abandonment in writing within ten business days of service of the Abandonment Notice, the Debtors may immediately proceed with the abandonment; and

4

      f.      If an objection is timely received, and cannot be resolved consensually, then such De Minimis Asset will not be abandoned except upon further order of the Court after notice and a hearing.

ORDERED, that the Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Amended Order in accordance with the Motion; and it is further

ORDERED, that the terms and conditions of this Amended Order shall be immediately effective and enforceable upon entry of the Amended Order; and it is further

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Amended Order.

Dated: April 4, 2008
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge

5