**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEINER HEALTH PRODUCTS INC., et al.,[1] | ) | Case No. 08-10446 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket No. 72** |

**ORDER AUTHORIZING DEBTORS TO MAKE CERTAIN PAYMENTS PURSUANT
TO 11 U.S.C. §§ 363(B) AND 503(C)(3) AUTHORIZING DEBTORS TO MAKE
CERTAIN PAYMENTS PURSUANT TO ASSET SALE INCENTIVE PROGRAM**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for entry of an order (this "Order")

authorizing, but not directing, the Debtors to make certain payments pursuant to asset sale

incentive program; and upon the (i) Declaration of Robert K. Reynolds, President, Chief

Executive Officer and Director of Leiner Health Products Inc., in Support of First Day Pleadings,

(ii) declaration of Douglas J. Friske in Support of the Debtors' Motion for Entry of an Order

Pursuant to 11 U.S.C. §§ 363(b) and 503(c)(2) Authorizing the Debtors to Make Certain

Payments Pursuant to the Asset Sale Incentive Program, and (iii) Declaration of Andrew Morrow

in Support of Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 363(b) and

503(c)(3) Authorizing Debtors to Make Certain Payments Pursuant to the Asset Sale Incentive

Program (the "Morrow Declaration"); and it appearing that the relief requested is in the best

interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that

this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Leiner Health Products Inc. (1709), LHP Holding Corp. (7947), Leiner Health Products, LLC (6283)
and Leiner Health Services Corp. (4464).  The address for all Debtors is:  901 E. 233rd Street, Carson, California
90745.

appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that the Asset Sale Incentive Program, as set forth in the Morrow Declaration, dated April 11, 2008, and the payments made in contemplation thereof constitute transfers and obligations permitted by section 503(c)(3) of the Bankruptcy Code; and it is further

ORDERED, that every payment and distribution obligation of the Debtors under the Asset Sale Incentive Program shall be treated as an administrative expense pursuant to section 503(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED, that, notwithstanding the possible applicability of Rules 6004(h), 7062, 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and its is further

ORDERED, that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED, that to the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern; and it is further

ORDERED, that the Debtors are authorized to take any and all actions that are contemplated by the Motion or necessary to effectuate this Order; and it is further

RLF1-3272486-1

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  April 14, 2008
        Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

3