ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY AGREEMENT CONTEMPLATED HEREBY.

(b) EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

12.8   Notices.   Unless otherwise set forth herein, any notice, request, instruction or other document to be given hereunder by any party to the other parties shall be in writing and shall be deemed duly given (i) upon delivery, when delivered personally, (ii) one (1) Business Day after being sent by overnight courier or when sent by facsimile transmission (with a confirming copy sent by overnight courier), and (iii) three (3) Business Days after being sent by registered or certified mail, postage prepaid, as follows:

If to the Sellers:

> Leiner Health Products, Inc.
> 901 East 233rd Street
> Carson, California  90745
> Attn:   General Counsel
> Facsimile No.:  310-835-9458

With a copy (which shall not constitute effective notice) to:

> Kirkland & Ellis LLP
> 555 California Street
> San Francisco, California  94104-1501
> Attn:   Stephen D. Oetgen / Arshad A. Ahmed
> Facsimile No.:  415-439-1500
>
> - and -
>
> Kirkland & Ellis LLP
> Citigroup Center
> 153 East 53rd Street
> New York, New York  10022-4611
> Attn:   Paul M. Basta / Edward O. Sassower
> Facsimile No.:  212-446-4900
>
> - and -
>
> Kirkland & Ellis LLP
> 777 South Figueroa Street
> Los Angeles, California  90017
> Attn:   Bennett L. Spiegel / Lori Sinanyan
> Facsimile No.:  213-680-8500

If to the Purchaser:

> NBTY, Inc.
> 2100 Smithtown Avenue
> Ronkonkoma, New York  11779
> Attn:   President
> Facsimile No.: 631-567-7148

With a copy (which shall not constitute effective notice) to:

> NBTY, Inc.
> 2100 Smithtown Avenue
> Ronkonkoma, New York  11779
> Attn:  General Counsel
> Facsimile No.:  631-218-7341

> - and -

> Farrell Fritz, P.C.
> 1320 RexCorp Plaza
> Uniondale, New York  11556-1320
> Attn:  Robert C. Creighton, Esq.
> Facsimile No.:  (516) 336-2205

> - and -

> Farrell Fritz, P.C.
> 1320 RexCorp Plaza
> Uniondale, New York  11556-1320
> Attn:  Ted A. Berkowitz, Esq.
> Facsimile No.:  (516) 336-2211

or to such other Persons or addresses as may be designated in writing by the party to receive such notice.

12.9    Binding Effect; Assignment; Guaranty.  Subject to the entry of the Sale Order, this Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns.  Nothing in this Agreement shall create or be deemed to create any third party beneficiary rights in any Person or entity not a party to this Agreement except as provided below.  No assignment of this Agreement or of any rights or obligations hereunder may be made by the Sellers or the Purchaser (by operation of law or otherwise) without the prior written consent of the other parties hereto and any attempted assignment without the required consents shall be void; provided, that the Purchaser may assign its rights and obligations hereunder in whole or in part to one or more wholly-owned subsidiaries of the Purchaser (each, a "Permitted Assign") (subject to the next succeeding sentence).  The Sellers acknowledge that the Purchaser will assign its right to purchase the capital stock or other equity ownership interests in the Non-Seller Entities to a wholly owned Subsidiary of Buyer Holdco formed under the laws of

66

either a province of Canada or the federal laws of Canada. No assignment of any obligations hereunder shall relieve the parties hereto of any such obligations. Upon any such permitted assignment, the references in this Agreement to the Purchaser shall also apply to any such assignee unless the context otherwise requires. Buyer Holdco hereby unconditionally and irrevocably guarantees to the Sellers all obligations of Purchaser and any assignee of Purchaser under this Agreement.

12.10 <u>Severability.</u> If any term or other provision of this Agreement is invalid, illegal or incapable of being enforced by any rule of Law or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in a manner adverse to any party. Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the parties as closely as possible in an acceptable manner to the end that the transactions contemplated hereby are fulfilled to the fullest extent possible.

12.11 <u>Injunctive Relief.</u> The parties agree that damages at law may be an inadequate remedy for the breach of any of the covenants, promises and agreements contained in this Agreement, and, accordingly, each of the parties hereto shall be entitled to injunctive relief with respect to any such breach, including without limitation specific performance of such covenants, promises or agreements or an order enjoining a party from any threatened, or from the continuation of any actual, breach of the covenants, promises or agreements contained in this Agreement. The rights set forth in this Section 12.11 shall be in addition to any other rights which a party may have at law or in equity pursuant to this Agreement.

12.12 <u>Non-Recourse.</u> No past, present or future director, officer, employee, incorporator, member, partner or equityholder of the Sellers or the Purchaser shall have any liability for any obligations or liabilities of the Sellers or the Purchaser under this Agreement or the Sellers' Documents or the Purchaser Documents of or for any claim based on, in respect of, or by reason of, the transactions contemplated hereby and thereby.

12.13 <u>Certain Interpretations.</u>

(a) Unless otherwise expressly provided, for purposes of this Agreement, the following rules of interpretation shall apply:

(i)     All references in this Agreement to Articles, Sections, Schedules and Exhibits shall be deemed to refer to Articles, Sections, Schedules and Exhibits to this Agreement.

(ii)     All Exhibits and Schedules annexed hereto or referred to herein are hereby incorporated in and made a part of this Agreement as if set forth in full herein. Any capitalized terms used in any Schedule or Exhibit but not otherwise defined therein shall be defined as set forth in this Agreement.

(iii)    The Article, Section and paragraph captions herein are for convenience of reference only, do not constitute part of this Agreement and shall not be deemed to limit or otherwise affect any of the provisions hereof.

(iv)    The words "include," includes" and "including," when used herein shall be deemed in each case to be followed by the words "without limitation" (regardless or whether such words or similar words actually appear).

(v)    When calculating the period of time before which, within which or following which any act is to be done or step taken pursuant to this Agreement, the date that is the reference date in calculating such period shall be excluded.  If the last day of such period is not a Business Day, the period in question shall end on the next succeeding Business Day.

(vi)    Except as otherwise specifically provided herein, any reference in this Agreement to $ shall mean U.S. dollars.

(vii)    Except as otherwise specifically provided herein, any reference in this Agreement to gender shall include all genders, and words imparting the singular number only shall include the plural and vice versa.

(viii)    The words such as "herein," "hereinafter," "hereof," and "hereunder" refer to this Agreement as a whole and not merely to a subdivision in which such words appear unless the context otherwise requires.

(b) The parties hereto agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any Law, regulation, holding or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

(c) The Purchaser acknowledges hereby that the Sellers may not comply with the provisions of any bulk transfer laws of any jurisdiction in connection with the transactions contemplated by this Agreement.

*    *    *    *    *

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed by their respective duly authorized officers as of the date first above written.

**LEINER HEALTH PRODUCTS INC.**

By: _____
Name:
Title:

**LEINER HEALTH SERVICES CORP.**

By: _____
Name:
Title:

**LEINER HEALTH PRODUCTS, LLC**

By: _____
Name:
Title:

**NBTY ACQUISITION, LLC**

By: _____
Name:
Title:

**NBTY, INC.**

By: _____
Name:
Title:

**EXHIBIT A**

## FORM OF BILL OF SALE

**THIS BILL OF SALE** dated as of _____, 2008 by Leiner Health Products Inc., a Delaware corporation ("Parent"), Leiner Health Services Corp., a Delaware corporation ("Leiner Services"), Leiner Health Products, LLC, a Delaware limited liability company ("Leiner Products" and together with Parent and Leiner Services, each a "Seller" and collectively the "Sellers") to NBTY Acquisition, LLC, a Delaware limited liability company (the "Purchaser").

## W I T N E S S E T H:

**WHEREAS**, the parties hereto have entered into an Asset Purchase Agreement dated as of May __, 2008 (the "Purchase Agreement") providing for the purchase by the Purchaser of certain assets of the Sellers, and the parties now desire to carry out such transaction by the Sellers' execution and delivery to the Purchaser of this instrument evidencing the vesting in the Purchaser of all of the assets and rights of the Sellers hereinafter described. Capitalized terms used but not defined herein have the meanings given them in the Purchase Agreement.

**NOW, THEREFORE**, in consideration of the premises and of other valuable consideration to the Sellers in hand paid by the Purchaser, at or before the execution and delivery hereof, the receipt and sufficiency of which by the Sellers are hereby acknowledged, the Sellers hereby convey, grant, bargain, sell, transfer, set over, assign, remise, release, deliver and confirm unto the Purchaser, its successors and assigns forever, effective as of 12:01 a.m. New York time on the date hereof (the "Effective Time"), all of the Sellers' right, title and interest in the Purchased Assets, including, without limitation, the assets described in Schedule A hereto, free and clear of all Encumbrances.

**TO HAVE AND TO HOLD** all of the foregoing business, rights, privileges, properties, and assets unto the Purchaser, its successors and assigns for its and their own use forever.

1.      The Sellers hereby covenant that, from time to time after the delivery of this instrument, and prior to the wind-down of their Chapter 11 bankruptcy proceedings, the Purchaser's request and without further consideration, the Sellers will do, execute, acknowledge, and deliver, or will cause to be done, executed, acknowledged and delivered, all and every such further acts, deeds, conveyances, transfers, assignments, powers of attorney and assurances as reasonably may be required more effectively to convey, transfer to and vest in the Purchaser, and to put the Purchaser in possession of, any of the Purchased Assets.

2.      Nothing in this instrument, express or implied, is intended or shall be construed to confer upon, or give to, any person, firm or corporation other than the Purchaser and its successors and assigns, any remedy or claim under or by reason of this instrument or any terms, covenants or condition hereof, and all of the terms, covenants and conditions, promises and agreements in this instrument contained shall be for the sole and exclusive benefit of the Purchaser and its successors and assigns.

A-1

3.      This instrument is executed by, and shall be binding upon, each Seller and its successors and assigns for the uses and purposes above set forth and referred to, effective as of the Effective Time.

4.      This instrument shall be governed by, interpreted under, and construed and enforceable in accordance with, the laws of the State of New York, without regard to its conflict of law principle provisions.

5.      This instrument may be executed in counterpart signature pages, all of which when so executed and attached hereto shall constitute one and the same original.

**IN WITNESS WHEREOF,** the Sellers have executed this Bill of Sale or caused this Bill of Sale to be executed on their behalf by a duly authorized officer of each Seller as of_____, 2008.

SELLERS:

LEINER HEALTH PRODUCTS INC.


By:_____
    Name:
    Title:

LEINER HEALTH SERVICES CORP.


By:_____
    Name:
    Title:


LEINER HEALTH PRODUCTS, LLC


By:_____
    Name:
    Title:

A-2

**Schedule A**

**EXHIBIT B**

### FORM OF ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement") is entered into as of _____, 2008 by and among Leiner Health Products Inc., a Delaware corporation ("Parent"), Leiner Health Services Corp., a Delaware corporation ("Leiner Services"), Leiner Health Products, LLC, a Delaware limited liability company ("Leiner Products" and together with Parent and Leiner Services, each a "Seller" and collectively the "Assignors") and NBTY Acquisition, LLC, a Delaware limited liability company (the "Assignee").

WHEREAS, Assignors and Assignee entered into that certain Asset Purchase Agreement dated as of May ___, 2008 (the "Purchase Agreement" capitalized terms used but not otherwise defined herein have the meanings given them in the Purchase Agreement); and

WHEREAS, pursuant to the Purchase Agreement, Assignors have agreed to assign certain rights and agreements to Assignee, and Assignee has agreed to assume certain obligations of Assignors, as set forth herein and therein.

NOW, THEREFORE, in consideration of the premises, the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto mutually covenant and agree as follows:

1.      Effective as of 12:01 a.m. New York time on the date hereof (the "Effective Time"), Assignors hereby sell, transfer and assign (collectively the "Assignment") to Assignee all of Assignors' right, title, benefit, privileges and interest in and to the contracts, agreements or commitments listed on Schedule A hereto ("Rights"), and Assignee hereby accepts the Assignment and agrees to assume, observe and perform any obligations arising from or in connection with the Rights from and after the Effective Time; provided that Assignee assumes no Excluded Liabilities, and the parties hereto agree that all such Excluded Liabilities shall remain the sole responsibility of Assignors.

2.      This Agreement shall be binding upon and inure to the benefit of the parties hereto and their successors and assigns.

3.      This Agreement shall be governed by, interpreted under, and construed and enforceable in accordance with, the laws of the State of New York, without regard to its conflict of law principle provisions.

4.      This Agreement may be executed in counterpart signature pages, all of which when so executed and attached hereto shall constitute one and the same original.

**IN WITNESS WHEREOF,** the parties hereto have executed this Assignment and Assumption Agreement as of the date first set forth above.

**ASSIGNORS:**

LEINER HEALTH PRODUCTS INC.

By:_____
    Name:
    Title:

LEINER HEALTH SERVICES CORP.

By:_____
    Name:
    Title:

LEINER HEALTH PRODUCTS, LLC

By:_____
    Name:
    Title:

**ASSIGNEE:**

NBTY ACQUISITION, LLC

By:_____
    Name:
    Title:

B-2

## Schedule A

EXHIBIT C

## FORM OF QUITCLAIM DEED

## NORTH CAROLINA QUITCLAIM DEED

Mail after recording to _____.

This instrument prepared by _____.

Brief description for the index _____.

_____

THIS QUITCLAIM DEED made this the ___ day of _____, in the year ____, by and between

_____

|                    GRANTOR                    |                    GRANTEE                    |
| + |
| + |
| + |
| + |
| + |
| + |
| + |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine, or neuter as may be required by context.

**WITNESSETH,** that said Grantors, for and in consideration of the sum of ten dollars and other consideration to them in hand paid, the receipt of which his hereby acknowledged, have remised and released and by these presents do remise, release, and forever quitclaim into the Grantee and his heirs and assigns all right, title, claim, and interest of the said Grantors in and to a certain tract or **Township,** and more particularly described as follows:

Grantor acquired the property hereinabove described by instrument recorded in Book ____ at Page _____.

C-1

A map showing the above-described property is recorded in Map/Cabinet _____ at Page _____.

TO HAVE AND TO HOLD the aforesaid tract or parcel of land and all privileges thereunto belonging to him the said Grantee and his heirs and assigns free and discharged from all right, title, claim or interest of the said grantors or anyone claiming by, and through or under them. Title to the property hereinabove described is subject to the following exceptions, if any:

### ANY AND ALL OF PUBLIC RECORD

IN TESTIMONY WHEREOF, said Grantors have hereunto set their hands and seal the day and year first above written.

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

STATE OF NORTH CAROLINA
COUNTY OF _____

I, a Notary Public, of said State and County aforesaid, do hereby certify that _____ grantor(s), personally appeared before me this day, and (i) I have personal knowledge of the identity of the grantor(s), or (ii) I have seen satisfactory evidence of the grantor(s) identity, by current state or federal identification with the grantor(s) photograph in the form of a _____ or (iii) a credible witness has sworn to the identity of the grantor(s) each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated herein and in the capacity indicated.

Witness my hand and official seal or stamp, this _____ day of _____, in the year _____.

_____
Notary Public Official Signature

(seal or stamp)

_____
Notary Printed or Typed Name

My commission expires : _____

C-2

STATE OF NORTH CAROLINA
COUNTY OF _____

    I, a Notary Public, of said State and County aforesaid, do hereby certify that _____ personally appeared before me and being duly sworn says that he or she is a duly authorized agent of said above named corporation and as such as the authority to act in and for said corporation.  I, (i) have personal knowledge of the identity of the above named authorized agent, or (ii) I have seen satisfactory evidence of the authorized agent's identity, by current state or federal identification with the authorized agent's photograph in the form of a _____ or (iii) a credible witness has sworn to before me the identity of the authorized agent, and that he or she signed the foregoing or annexed instrument on behalf of said corporation in the capacity so herein stated and acknowledge the said writing to be the act and deed of said corporation herein stated.

    Witness my hand and official seal or stamp, this ____ day of _____, in the year _____.

                                _____
                                Notary Public Official Signature

(seal or stamp)

                                _____
                                Notary Printed or Typed Name

My commission expires : _____

C-3

**EXHIBIT D**

**FORM OF SALE ORDER**

**[DELIVERED SEPARATELY]**

**EXHIBIT E**

**FORM OF
DEPOSIT ESCROW AGREEMENT**

**[DELIVERED SEPARATELY]**

2

**EXHIBIT F**

## FORM OF
## HOLDBACK ESCROW AGREEMENT

**[DELIVERED SEPARATELY]**

**EXHIBIT G-1**

## FORM OF TRADEMARK ASSIGNMENT

Leiner Health Services Corp., a Delaware corporation ("Assignor"), is the owner of the trademarks listed on the attached Schedule 1 ("Marks") and their corresponding registrations.

For good and valuable consideration, the receipt of which is hereby acknowledged, Assignor hereby assigns to NBTY Acquisition, LLC, a Delaware limited liability company (the "Assignee"), its entire worldwide right, title and interest in and to the Marks and their related registrations, together with the goodwill of the businesses symbolized by the Marks and registrations, with all rights of action, powers and benefit to the Marks, due or accrued, including the right to sue for and recover in the Assignee's own name and that of its successors and assigns and other legal representatives all remedies of every nature, including without limitation rights to injunctive relief, damages, profits, costs and attorney fees, arising out of past infringement of the Marks, or injury to the related goodwill.

[SIGNATURE PAGE TO FOLLOW]

ASSIGNOR

LEINER HEALTH SERVICES CORP.

By:_____

     Name:

     Title:

STATE OF _____   )

                  )SS.:

COUNTY OF _____  )

On the ___ day of _____ in the year 2008 before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____

Notary Public

G-1-2

**SCHEDULE 1**

**EXHIBIT G-2**

**FORM OF TRADEMARK ASSIGNMENT**

Leiner Health Products Inc., a Delaware corporation ("<u>Assignor</u>"), is the owner of the trademarks listed on the attached Schedule 1 ("<u>Marks</u>") and their corresponding registrations.

For good and valuable consideration, the receipt of which is hereby acknowledged, Assignor hereby assigns to NBTY Acquisition, LLC, a Delaware limited liability company (the "<u>Assignee</u>"), its entire worldwide right, title and interest in and to the Marks and their related registrations, together with the goodwill of the businesses symbolized by the Marks and registrations, with all rights of action, powers and benefit to the Marks, due or accrued, including the right to sue for and recover in the Assignee's own name and that of its successors and assigns and other legal representatives all remedies of every nature, including without limitation rights to injunctive relief, damages, profits, costs and attorney fees, arising out of past infringement of the Marks, or injury to the related goodwill.

[SIGNATURE PAGE TO FOLLOW]

G-2-1

ASSIGNOR

LEINER HEALTH PRODUCTS INC.

By:_____
     Name:
     Title:

STATE OF _____    )
                      )SS.:
COUNTY OF _____    )

On the ___ day of _____ in the year 2008 before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

                _____
                Notary Public

G-2-2

**SCHEDULE 1**

**EXHIBIT H**

**FORM OF ASSIGNMENT OF COPYRIGHTS**

THIS ASSIGNMENT OF COPYRIGHTS made as of this ___ day of _____, 2008 by Leiner Health Services Corp., a Delaware corporation ("Assignor"), to NBTY Acquisition, LLC, a Delaware limited liability company ("Assignee").

RECITALS

Pursuant to that certain Asset Purchase Agreement, dated as of _____, 2008 (the "Agreement"), between Leiner Health Products Inc. ("Parent"), Assignor, and Leiner Health Products, LLC ("Leiner Products", and together with Parent and Assignor, the "Sellers") and Assignee and NBTY, Inc., the Sellers have agreed to sell to Assignee, and Assignee has agreed to buy from the Sellers the Purchased Assets (as defined in the Agreement), including without limitation the copyrights of Assignor. Pursuant to the Agreement, Assignor has agreed to execute this Assignment of Copyrights.

In accordance therewith, Assignor desires to transfer and assign to Assignee, and Assignee desires to accept the transfer and assignment of, all of Assignor's worldwide right, title and interest in and to all of Assignor's registered and unregistered domestic and foreign copyrights and copyright applications, including without limitation the copyright registrations and/or copyright applications and/or copyright rights listed in Schedule A annexed hereto and incorporated herein by this reference, all of the foregoing being referred to herein as the "Copyrights".

NOW THEREFORE, for and in consideration of the mutual covenants contained herein and in the Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby transfers and assigns to Assignee, and Assignee hereby accepts the transfer and assignment of all of Assignor's worldwide right, title and interest in, to and under the Copyrights and all right to sue for infringement of any Copyright, the same to be held and employed by said Assignee, its successors and assigns from and after the date hereof as fully and entirely as the same would have been held and enjoyed by said Assignor had this Assignment of Copyrights not been made.

Except to the extent that federal law preempts state law with respect to the matters covered hereby, this Assignment of Copyrights shall be governed by and construed in accordance with the laws of the State of New York without regard to the principles of conflicts of laws thereunder.

[SIGNATURE PAGE TO FOLLOW]

H-1

IN WITNESS WHEREOF, the Assignor has caused its duly authorized officer to execute this Assignment of Copyrights as of this __ day of _____, 2008

LEINER HEALTH SERVICES CORP.

By:_____
Name:
Title:

[SEAL]

STATE OF          )
                 ) ss.:
COUNTY OF        )

On this __ day of _____, 2008 before me, _____, personally appeared _____, _____ of _____, personally known to me (or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledge to me that he executed the same in his authorized capacity and that by his signature on the Instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public

H-2

## SCHEDULE A

*Registered Copyrights*

**EXHIBIT I - 1**

## FORM OF ASSIGNMENT OF PATENTS

THIS ASSIGNMENT OF PATENTS made as of the _____day of _____, 2008, by Leiner Health Services Corp., a Delaware corporation ("Assignor"), to NBTY Acquisition, LLC, a Delaware limited liability company (the "Assignee").

### RECITALS

Pursuant to that certain Asset Purchase Agreement, dated as of _____, 2008 (the "Agreement"), between Leiner Health Products Inc. ("Parent"), Assignor, and Leiner Health Products, LLC ("Leiner Products" and together with Parent and Assignor, the "Sellers") and Assignee and NBTY, Inc., the Sellers have agreed to sell to Assignee, and Assignee has agreed to buy from the Sellers the Purchased Assets (as defined in the Agreement), including without limitation the patents of Assignor. Pursuant to the Agreement, Assignor desires to transfer and assign to Assignee, and Assignee desires to accept the transfer and assignment of, all of Assignor's worldwide right, title and interest in, to and under the patents and patent applications listed on Schedule A, annexed hereto (the "Patents").

NOW, THEREFORE, Assignor, for and in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, does hereby transfer and assign to Assignee, and Assignee hereby accepts the transfer and assignment of, all of Assignor's worldwide right, title and interest in, to and under the Patents, together with the goodwill of the business associated therewith and which is symbolized thereby, all rights to sue for infringement of the Patents, whether arising prior to or subsequent to the date of this Assignment of Patents, and any and all renewals and extensions thereof that may hereafter be secured under the laws now or hereafter in effect in the United States, Canada and in any other jurisdiction, the same to be held and enjoyed by said Assignee, its successors and assigns from and after the date hereof as fully and entirely as the same would have been held and enjoyed by said Assignor had this Assignment of Patents not been made.

Except to the extent that federal law preempts state law with respect to the matters covered hereby, this Assignment of Patents shall be governed by and construed in accordance with the laws of the State of New York without giving effect to the principles of conflicts of laws thereof.

### [SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, Assignor has caused this Assignment of Patents to be executed as of the date first above written.

ASSIGNOR

LEINER HEALTH SERVICES CORP.

By:_____
    Name:
    Title:

STATE OF                      )
                             )   SS:
COUNTY OF _____          )


     On this _____ day of _____, 2008, before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

                                    Witness my hand and official seal.


                              _____
                                     Notary Public

## SCHEDULE A TO ASSIGNMENT OF PATENTS

<u>Application No.</u>                <u>Patent Name</u>                <u>Filing Date</u>

**EXHIBIT I - 2**

## FORM OF ASSIGNMENT OF PATENTS

THIS ASSIGNMENT OF PATENTS made as of the _____day of _____, 2008, by Leiner Health Products, LLC, a Delaware limited liability company ("<u>Assignor</u>"), to NBTY Acquisition, LLC, a Delaware limited liability company (the "<u>Assignee</u>").

### RECITALS

Pursuant to that certain Asset Purchase Agreement, dated as of _____, 2008 (the "<u>Agreement</u>"), between Leiner Health Products Inc. ("<u>Parent</u>"), Assignor, and Leiner Health Services Corp. ("<u>Leiner Services</u>" and together with Parent and Assignor, the "<u>Sellers</u>") and Assignee and NBTY, Inc., the Sellers have agreed to sell to Assignee, and Assignee has agreed to buy from the Sellers the Purchased Assets (as defined in the Agreement), including without limitation the patents of Assignor. Pursuant to the Agreement, Assignor desires to transfer and assign to Assignee, and Assignee desires to accept the transfer and assignment of, all of Assignor's worldwide right, title and interest in, to and under the patents and patent applications listed on <u>Schedule A</u>, annexed hereto (the "Patents").

NOW, THEREFORE, Assignor, for and in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, does hereby transfer and assign to Assignee, and Assignee hereby accepts the transfer and assignment of, all of Assignor's worldwide right, title and interest in, to and under the Patents, together with the goodwill of the business associated therewith and which is symbolized thereby, all rights to sue for infringement of the Patents, whether arising prior to or subsequent to the date of this Assignment of Patents, and any and all renewals and extensions thereof that may hereafter be secured under the laws now or hereafter in effect in the United States, Canada and in any other jurisdiction, the same to be held and enjoyed by said Assignee, its successors and assigns from and after the date hereof as fully and entirely as the same would have been held and enjoyed by said Assignor had this Assignment of Patents not been made.

Except to the extent that federal law preempts state law with respect to the matters covered hereby, this Assignment of Patents shall be governed by and construed in accordance with the laws of the State of New York without giving effect to the principles of conflicts of laws thereof.

### [SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, Assignor has caused this Assignment of Patent to be executed as of the date first above written.

ASSIGNOR:

LEINER HEALTH PRODUCTS, LLC.

By:_____
    Name:
    Title:

STATE OF            )
                             )   SS:
COUNTY OF _____  )

       On this _____ day of _____, 2008, before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

                                     Witness my hand and official seal.

                                 _____
                                      Notary Public

## SCHEDULE A TO ASSIGNMENT OF PATENTS

**Application No.**          **Patent Name**          **Filing Date**