# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEINER HEALTH PRODUCTS INC., et al.,[1] | Case No. 08-10446 (KJC) |
| Debtors. | Jointly Administered |
|  | **Re: Docket No. 60** |

## ORDER AUTHORIZING AND APPROVING (A) EXPEDITED PROCEDURES FOR REJECTING EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONING CERTAIN PERSONAL PROPERTY

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing and approving (a) expedited procedures for rejecting executory contracts and unexpired leases of personal and non-residential real property and (b) abandoning certain personal property; and upon the Declaration of Robert K. Reynolds, President, Chief Executive Officer and Director of Leiner Health Products Inc., in Support of First Day Pleadings; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Leiner Health Products Inc. (1709), LHP Holding Corp. (7947), Leiner Health Products, LLC (6283) and Leiner Health Services Corp. (4464). The address for all Debtors is: 901 E. 233rd Street, Carson, California 90745.

RLF1-3269359-1

ORDERED, that the Motion is granted; and it is further

ORDERED, that the following procedures (the "Rejection Procedures") are approved in connection with the rejection of any executory contract, lease or sublease, or interest in such lease or sublease of the Debtors during these cases as follows:

(a)     The Debtors will file consecutively numbered notices to reject any such executory contract, lease or sublease, or interest in such lease or sublease, pursuant to section 365 of the Bankruptcy Code (the "Notice"), and will serve the Notice via overnight delivery service upon: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) counsel to the agent for the Debtors' postpetition secured lenders; (iii) counsel to the agent for the Debtors' prepetition secured lenders; (iv) counsel to the Committee (if any); (v) the indenture trustee for each of the Debtors' outstanding bond issuances; (vi) counsel to the *ad hoc* group of the Debtors' senior subordinated bondholders; (vii) counsel to the Debtors' equity sponsors; (viii) the contract counter-party(ies) or landlord(s) affected by the Notice; and (ix) any other parties in interest to the executory contract or lease, including subtenants, if any, sought to be rejected by the Debtors, (collectively, the "Service Parties"), advising such parties of the Debtors' intent to reject the specified executory contract, lease, sublease, or interest, as well as the deadlines and procedures for filing objections to the Notice (as set forth below). If the Notice is issued by the Debtors prior to the effective date of a plan of reorganization, the affected executory contract, lease, sublease or interest in such lease or sublease shall be deemed to be subject to a motion to reject for all purposes.

(b)     The Notice shall be in the form of **Exhibit 1** attached hereto, and shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the street address of the real property underlying the lease and/or sublease, the interest in such personal property lease or sublease or the type of executory contract which the Debtors seek to reject (listed alphabetically to the extent that the Notice implicates multiple executory contracts, leases or subleases, or interest in any such leases or subleases); (ii) the Debtors' monthly payment obligation, if any, under the contract, lease or sublease or interest in such lease or sublease; (iii) the remaining term of the contract, lease or sublease or interest in such lease or sublease; (iv) the name and address of the contract counter-party, landlord and/or subtenant; (v) a general description of the terms of the executory contract or lease, and (vi) a disclosure describing the procedures for filing objections, if any.

2

The Notice shall be accompanied by a copy of the Order granting the relief requested in this Motion. The Notice shall be filed with the Court by the Debtors contemporaneously with service of the Notice as provided for herein. To the extent that any such Notice implicates multiple executory contracts, leases or subleases, or interest in any such leases or subleases, the combined number of executory contracts, leases or subleases, or interest in any such leases or subleases listed in any such Notice shall not exceed 100 in the aggregate.

(c)     Should a party in interest object to the proposed rejection by the Debtors of an executory contract, lease or sublease, or interest in such lease or sublease, such party must file and serve a written objection so that such objection is filed with this Court and is actually received by the following parties (collectively, the "Notice Parties") no later than fifteen (15) calendar days after the date the Debtors serve the Notice: (i) counsel to the Debtors: Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017, Attn.: Lori Sinanyan, Esq., and Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Mark D. Collins, Esq.; (ii) counsel to the Committee (if any); and (iii) the U.S. Trustee.

(d)     If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any executory contract, lease or sublease, or interest in such lease or sublease, as to which an objection is properly filed and served. If the Court upholds the objection, and the subject of the objection is the proper effective date of rejection, and the Court determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the rejection date of such lease, sublease or interest shall be deemed to have occurred on the Rejection Date or NRP Lease Rejection Date (as defined below), as applicable.

(e)     Absent an objection being filed in compliance with subparagraph c of this paragraph, the rejection of such executory contract, lease or sublease, or interest in such lease or sublease, shall become effective fifteen (15) calendar days from the date the Notice was served on the Service Parties (the "Rejection Date") without further notice, hearing or order of this Court; provided, however, that with respect to leases or subleases for non-residential real property, such rejection shall become effective on the later of (i) the Rejection Date or (ii) the date the Debtors unequivocally relinquished control of the premises to the affected landlord by

3

turning over keys or "key codes" to the affected landlord (the "NRP Lease Rejection Date"). The Debtors may, but are not required to, submit a proposed order, together with a Certificate of No Objection, to the Court for entry on the docket.

(f)     If the Debtors have deposited monies with a lessor or contract counter-party as a security deposit or other arrangement, such lessor or contract counter-party may not setoff or otherwise use such deposit without the prior authority of the Court.

(g)     With respect to any personal property of the Debtors located at any of the premises subject to any Notice, the Debtors shall remove such property prior to the expiration of the period within which a party must file and serve a written objection pursuant to subparagraph c above. If the Debtors determine that the value of the property at a particular location has a *de minimis* value or the cost of removing the property exceeds the value of such property, the Debtors shall generally describe the property in the Notice and, absent a timely objection, the property will be deemed abandoned pursuant to section 554 of title 11 of the United States Bankruptcy Code, as is, where is, effective as of the date of the rejection of the underlying unexpired lease;

and it is further

ORDERED, that the Debtors, in their sole discretion, may remove any property from the premises that is the subject of any rejected lease or contract, consistent with the Debtors' ownership rights or other property interests therein; and it is further

ORDERED, that the Debtors may abandon personal property at a particular location if the Debtors determine that the property has a de minimis value or the cost of removing the property exceeds the value of such property, such abandonment deemed effective as of the date of the rejection of the underlying unexpired lease; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

4

ORDERED, that upon the rejection of an executory contract, lease or sublease, or interest in such lease or sublease, pursuant to this Order, all affected parties to such rejected executory contract, lease and/or sublease, or interest in such lease or sublease, shall be required to file a rejection damages claim, if any, by the later of (a) the claims bar date established in these cases, if any, and (b) thirty (30) days after the Rejection Date; and it is further

ORDERED, that notwithstanding the possible applicability of Rules 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor in possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral; and it is further

ORDERED, that nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED, that to the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern; and it is further

RLF1-3269359-1

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 4, 2008
       Wilmington, Delaware

                                  The Honorable Kevin J. Carey
                                  United States Bankruptcy Judge

6

# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                                                  |   |                        |
|--------------------------------------------------|---|------------------------|
| In re:                                           | ) | Chapter 11             |
|                                                  | ) |                        |
| LEINER HEALTH PRODUCTS INC., et al.,[1]          | ) | Case No. 08-10446 (KJC) |
|                                                  | ) |                        |
| Debtors.                                         | ) | Jointly Administered   |
|                                                  | ) |                        |

## NOTICE OF REJECTION OF [UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY] [EXECUTORY CONTRACT]

TO:    [Name and address of affected contract counter-party, landlord and/or subtenant]

Re:    [Street address of the real property underlying the lease and/or sublease, the interest in such personal property lease or sublease, or the type of executory contract] (the "Lease" or "Executory Contract"). [Monthly payment obligation, if any,] [Remaining term]

**PLEASE TAKE NOTICE** that on April [day], 2008, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the order approving the *Debtors' Motion for Entry of an Order Authorizing and Approving (A) Expedited Procedures for Rejecting Executory Contracts and Unexpired Leases of Personal and Non-Residential Real Property and (B) Abandoning Certain Personal Property* [Docket No. __] (the "Order"), attached hereto as **Exhibit A.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the above-captioned debtors and debtors in possession (the "Debtors") hereby provide notice of their intent to reject the above-referenced [Lease or Executory Contract]. Pursuant to the terms of the Order, [the Lease shall be deemed rejected effective the later of (a) the date that is fifteen (15) days from the date this notice is served (the "Rejection Date") or (b) the date that the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Leiner Health Products Inc. (1709), LHP Holding Corp. (7947), Leiner Health Products, LLC (6283) and Leiner Health Services Corp. (4464).  The address for all Debtors is:  901 E. 233rd Street, Carson, California 90745.

Debtors unequivocally relinquish control of the premises by turning over keys or "key codes" to the affected landlord, without further notice, hearing or order of the Bankruptcy Court (the "NRP Lease Rejection Date")]; [the Executory Contract shall be deemed rejected effective fifteen (15) days after this notice is served].

PLEASE TAKE FURTHER NOTICE that, should you object to the Debtors' rejection of the [Lease] [Executory Contract], you must file and serve a written objection so that such objection is filed with the Bankruptcy Court and **actually received** no later than fifteen (15) days after the date that the Debtors served this "Notice of Rejection of [Unexpired Lease of Non-Residential Real Property] [Executory Contract]" (the "Notice") by the following parties: (a) counsel to the Debtors: Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017, Attn: Lori Sinanyan, Esq., and Richards, Layton & Finger, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq., (b) counsel to the official committee of unsecured creditors (if any); and (c) the Office of the United States Trustee of the District of Delaware (collectively, the "Objection Notice Parties"). Absent such an objection being filed and served in compliance with the foregoing, the rejection of the Lease shall become effective on the [Rejection Date] [NRP Lease Rejection Date], without further notice, hearing or order of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that, if an objection is properly filed and served on the Objection Notice Parties as specified above, the Bankruptcy Court will schedule a hearing to consider that objection. If the Bankruptcy Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the rejection date. If such objection is overruled or withdrawn or the Bankruptcy Court does not determine the date of rejection, the rejection date of such lease,

2

sublease or interest shall be deemed to have occurred on the Rejection Date or NRP Lease Rejection Date, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a lessor or contract counter-party as a security deposit or arrangement, such lessor or contract counter-party may not off-set or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that upon the rejection of the [Lease] [Executory Contract] you are required to file a rejection damages claim, if any, by the later of (a) the claims bar date established in these chapter 11 cases or (b) thirty (30) days after the [Rejection Date] [NRP Lease Rejection Date].

RLF1-3269359-1

Dated: _____, 2008
    Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

_____
Mark D. Collins (Bar No. 2981)
Daniel J. DeFranceschi (Bar No. 2732)
Jason M. Madron (Bar No. 4431)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701

- and -

**KIRKLAND & ELLIS LLP**
Richard M. Cieri
Paul M. Basta
Edward O. Sassower
Stephen E. Hessler
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

**KIRKLAND & ELLIS LLP**
Bennett L. Spiegel
Lori Sinanyan
777 South Figueroa Street
Los Angeles, California 90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Proposed Co-Counsel for the Debtors and Debtors
in Possession

4